UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
IN RE:                                                                                          **Order No. 20**
                                                                                                  **(Severance of Multi-Plaintiff**
MIRENA IUD PRODUCTS LIABILITY LITIGATION                              **Cases)**

*This Document Relates To All Actions*                                          13-MD-2434 (CS)(LMS)
------------------------------------------------------------------------x      13-MC-2434 (CS)(LMS)

Seibel, J.

      By Order dated April 8, 2013, the United States Judicial Panel on Multidistrict Litigation ordered centralization of certain cases in this Court pursuant to 28 U.S.C. § 1407 – specifically, cases that primarily involve injuries allegedly caused by the Mirena® intrauterine contraceptive system, as a result of migration of the product away from its original position, perforation of the uterus, and/or inadequacy of the warning label. (*See* Doc. 1.) Other cases have been transferred for inclusion in the *In re Mirena* multidistrict litigation ("MDL") over time, and it is expected that additional cases will continue to be added. (*See, e.g.*, 13-md-2434, Docs. 7, 64, 70, 75, 93, 97, 105, 129, 152, 163, 169, 195, 223, 231, 233, 267, 301, 318, 322, 329, 347, 362, 375, 391, 397, 400, 439, 470, 488, 506, 512, 536, 542, 580, 581, 623, 676, 687, 719, 745, 757, 765, 801, and 830.) Of the cases which have been transferred for inclusion in the *In re Mirena* MDL, at least seventeen include multiple plaintiffs. (*See* Exhibit A.) The Plaintiffs' Steering Committee and counsel for Defendants agree that such multi-plaintiff cases require severance, under FED. R. CIV. P. 20 and 21.[1]

      Claims brought by different plaintiffs which involve common legal issues, but which allege totally different facts, may not be grouped into a single action. FED. R. CIV. P. 20(a). Pursuant to FED. R. CIV. P. 21, federal courts are authorized, at any time, on just terms, to sever

---

[1] The Court does not offer any opinion about whether these cases were appropriately joined in their home jurisdictions. Proceeding with each case individually in this Court, pursuant to this Order, serves to cure any such defect which may arguably have been present in the original filing.

claims. A Court's authority to order severance is not limited to cases of misjoinder; rather, the Court has broad discretion to invoke Rule 21 "to prevent prejudice or promote judicial efficiency." *Lopez v. City of Irvington*, No. 05-CV-5323, 2008 WL 565776, at *2 (D.N.J. 2008); *see Wyndham Assocs. v. Bintliff*, 398 F.2d 614, 618 (2d Cir. 1968) (not limiting Rule 21 severance to cases of misjoinder); 4 James Wm. Moore et al., Moore's Federal Practice § 21.02(1) (3d ed. 2007) (courts may issue severance orders under Rule 21, even in the absence of misjoinder and non-joinder of parties, "to construct a case for the efficient administration of justice"). An action severed under Rule 21 becomes a separate action.

Cases in the *In re Mirena* MDL that involve multiple plaintiffs with common legal issues but different facts must be severed, so that the allegations of each woman who suffered direct personal injury as a result of the use of the Mirena® contraceptive system (the "primary plaintiff") are presented in a separate Complaint. Therefore, as to the cases on Exhibit A, and any other multi-plaintiff cases[2] transferred into the *In re Mirena* MDL,

IT IS HEREBY ORDERED THAT:

1. The Clerk of the Court shall file this Order in any multi-plaintiff case (as defined).

2. For those cases listed on Exhibit A, within forty-five (45) days of the ECF filing date of this Order, each primary plaintiff shall file a "Severed and Amended Complaint" in this Court.

---

[2] For purposes of this Order, a "multi-plaintiff case" means a case with more than one plaintiff in whom a Mirena® device was implanted. This Order presumes that certain cases will properly involve more than one plaintiff, where, for example, the primary plaintiff is the woman suffering direct personal injury, and the secondary plaintiff is a family member who is alleging loss of consortium. Accordingly, when this Order refers to multi-plaintiff cases which are required to be severed, it does not apply to or require severance between plaintiffs where a secondary or tertiary plaintiff's claim or claims are dependent on injury to the primary plaintiff. Rather, this Order requires severance between claims of each individual woman alleging personal injury as a result of the use of the Mirena® contraceptive system.

3. For those multi-plaintiff cases which require severance and are transferred into the *In re Mirena* MDL after the date of this Order, each primary plaintiff shall file a "Severed and Amended Complaint" within forty-five (45) days of this Order being filed in connection with that transferred case.

4. Each Severed and Amended Complaint shall be filed on ECF under the original docket number, at which time counsel filing such Severed and Amended Complaint shall send a notice by email of such filing to Shante Jones, Deputy Clerk of the MDL Unit of the Clerk of Court, at Shante_Jones@nysd.uscourts.gov and HelpDesk@nysd.uscourts.gov. Upon such notice the Clerk of Court is directed to sever each such case and assign a separate civil case number to each case so filed, except for the first named primary plaintiff in each such case, whose Severed and Amended Complaint shall not be severed, and shall be filed under the initial SDNY docket number assigned to that multi-plaintiff case. The Clerk of Court shall incorporate all such severed cases into this MDL.

5. Unless amendment without leave of the Court is permitted under FED. R. CIV. P. 15(a) and this Court's Orders, each severed and Amended Complaint shall contain only the specific claims already asserted by the primary plaintiff (and by any secondary or tertiary plaintiff) against any defendant already named in the original multi-plaintiff case. In other words, no Severed and Amended Complaint shall assert any claim or name any defendant not already set forth in the original multi-plaintiff action, unless Rule 15(a) and this Court's Orders permit.

6. Each plaintiff filing a Severed and Amended Complaint is responsible for ensuring that any defendant named in that Severed and Amended Complaint is served with that

Severed and Amended Complaint through ECF or in any other fashion permitted under FED. R. CIV. P. 5 or agreed to in previous Orders.

7. The Clerk of Court shall waive any filing fee associated with the filing of any Severed and Amended Complaint pursuant to this Order.

8. Any failure to comply with any one or more requirements of this Order may – upon motion by a concerned defendant or by action of the Court, *sua sponte*, upon notice to the interested party or parties – result in dismissal of the Plaintiff's or Plaintiffs' claim(s) in whole or in part.

**SO ORDERED.**
Dated: April 29, 2014
       White Plains, New York

_____
CATHY SEIBEL, U.S.D.J

## Exhibit A

| First Named Plaintiff | Docket # |
|---|---|
| Adams, Amy | 7:13-cv-06152-CS |
| Armstrong, Terri | 7:13-cv-07846-CS |
| Ary, Summer | 7:13-cv-02726-CS |
| Baker, Erica | 7:14-cv-02731-CS |
| Bosch, Danika | 7:13-cv-06501-CS |
| Brown, Toddella | 7:13-cv-08525-CS |
| Chow, Shelley | 7:13-cv-02911-CS |
| Clarke, Kalaki | 7:13-cv-02816-CS |
| Dobbs, Nicole | 7:14-cv-02119-CS |
| Farmer, Rachel | 7:14-cv-02407-CS |
| Harmon, Sandra | 7:13-cv-03558-CS |
| Iniguez, Desiree | 7:13-cv-04330-CS |
| Lynch, Danielle | 7:14-cv-02268-CS |
| McGuin, Jessica | 7:13-cv-05333-CS |
| Paxton, Hailee | 7:14-cv-00513-CS |
| Plucha, Celeste | 7:14-cv-01978-CS |
| Witherspoon, Katrina | 7:13-cv-08471-CS |